# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

ELISHA MARTIN,

        Plaintiff,

    v.

THEODORE BROOK,

        Defendant.

Case No. 3:25-cv-00350-SLG-MMS

## SCREENING ORDER

On December 8, 2025, self-represented prisoner Elisha Martin ("Plaintiff") filed a civil complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[2] of the Courtview records of the Alaska Trial Courts.[3] Plaintiff was on probation for various sexual crimes against a minor, and as a condition of his probation, he had to stay away from children. Plaintiff alleges that he worked as an overnight custodial worker for a church, having crafted a work schedule with the pastor that would not have him in the

---

[1] Dkts. 1–3.

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *See also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted).

[3] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

building when children were present.[4]  His probation officer, Martin Brook ("Defendant") learned that Plaintiff worked for a church, and on August 26, 2025, he initiated remand proceedings for an alleged parole violation, not giving Plaintiff an opportunity to explain his work arrangement, though Plaintiff alleges that Defendant otherwise had personal knowledge that Plaintiff was not around children.[5]  This resulted in the incarceration of Plaintiff.  For relief, he requests $580,159.90 in damages and $15,000,000 in punitive damages.[6]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[7]  Federal law also requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[8]

In this screening, a district court shall dismiss the complaint at any time if the court determines that the complaint:

> (i)      is frivolous or malicious;

---

[4] Dkt. 1 at 4.

[5] *Id.* at 3–4.

[6] *Id.* at 8.

[7] 28 U.S.C. §§ 1915, 1915A.

[8] *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]"). *See also Denton v. Hernandez,* 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.[9]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[10]  However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[11] Although the scope of review is generally limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[12] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[13] Moreover, even if a complaint meets the pleading requirements, dismissal under § 1915 is still appropriate if an affirmative defense, such as untimeliness, is an "obvious bar to securing relief on the face of the complaint."[14]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an

---

[9] 28 U.S.C. § 1915(e)(2)(B).

[10]*Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[11] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[12] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[13] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[14] *Washington v. Los Angeles Cnty. Sheriff's Dep't.,* 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

opportunity to file an amended complaint, unless doing so would be futile.[15] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[16]

**DISCUSSION**

### I.        Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[17] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state a claim to relief that is plausible on its face."[18] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[20]

### II.       Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983") and Qualified Immunity

---

[15] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[16]*Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[17] Fed. R. Civ. P. 8(a)(2).

[18] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (internal citation omitted).

[19] *Ashcroft,* 556 U.S. at 678.

[20] *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statute.[21] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[22] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[23] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[24] A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[25]

Maintaining a suit against public officials in their individual capacities, however, requires an additional showing to overcome qualified immunity. Qualified immunity is not solely for liability, but rather, it is also immunity from suit itself.[26] The Supreme Court has emphasized that even "*pretrial* matters [. . .] can be peculiarly disruptive of effective

---

[21] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).
[22] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).
[23] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).
[24] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).
[25] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).
[26] *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996).

government."[27]  As such, this issue should be resolved "at the earliest possible stage in litigation."[28]

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[29]  This "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."[30]  Courts recognize the significant societal interest in not overly interfering with government employees doing their jobs, so suits against them as individuals require a greater showing than injunctive relief against an officeholder.

This inquiry "does not require a case directly on point for a right to be clearly established, [but] existing precedent must have placed the statutory or constitutional question beyond debate."[31]  The Supreme Court "has repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality."[32]  In other words, "qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'"[33]

---

[27] *Id.* (internal citation omitted).
[28] *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).
[29] *Id.* at 231 (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).
[30] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).
[31] *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (citation omitted).
[32] *Id.* at 104 (internal citations omitted).
[33] *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Here, Plaintiff is suing his probation officer for actions made in his official capacity. He argues that the Defendant's affidavit in support of the petition to revoke probation was knowingly inaccurate, as he knew that the Plaintiff was not in the church when children were also present. However, the attached affidavit does not allege that Plaintiff violated probation by simply being in the church. Instead, Defendant averred that Plaintiff had admitted to contacting a minor via Instagram whom he had observed at the church.[34] Plaintiff made no allegation that Defendant knew that this statement was inaccurate, so even excising the portions about Plaintiff working at a church, the probation officer was also concerned about the unauthorized contact with a minor. As such, Plaintiff does not state a claim, nor does he state one that would prevail against the affirmative defense of qualified immunity.

### III. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[35] While amendment *may* be futile, the Court will give Plaintiff an opportunity to file an amended complaint. Should he file an Amended Complaint, Plaintiff should explain why Defendant would not be protected by qualified immunity.

An amended complaint must not expand the scope of the case by alleging new unrelated parties or claims. Unrelated claims involving different defendants must be brought in separate lawsuits. An amended complaint must contain separately numbered, clearly identified allegations. If handwritten, it must be legible. The amended complaint

---

[34] Dkt. 1-2.
[35] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

should identify the specific injury that the plaintiff is alleging was caused by the defendant, when that injury occurred, and where that injury occurred. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the amended complaint.[36] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff files an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether that complaint may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant. Plaintiff must not attempt to serve Defendant until the Court so orders.

### IV.    The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[37] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[38] If a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other

---

[36] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.
[37] 28 U.S.C.A. § 1915(g).
[38] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury, and that danger is fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the Court.[39] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[40] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[41] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[42]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket No. 1 is DISMISSED** for failure to state a claim.

2. Plaintiff is accorded 60 days from the date of this order to file either:

    a. First Amended Complaint, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

---

[39] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[40] *Andrews,* 493 F.3d at 1056 (cleaned up).

[41] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[42] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

b.  <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3.  If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form **within 60 days of the date of this order**, this case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim.

4.  If a case is dismissed for failure to state a claim, it will count as a strike against Plaintiff.  A Notice of Voluntary Dismissal does not count as a strike.[43]

5.  Plaintiff's application to waive *prepayment* of the filing fee at **<u>Docket No. 3</u>** **is  GRANTED.**

6.  Federal law only allows the Court to waive a prisoner's *prepayment* of the filing fee. Prisoners must pay the $350 filing fee incrementally until paid in full, regardless of the outcome of the action.[44]  Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the $350 filing fee directly from Plaintiff's prisoner trust account.

7.  If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of the filing fee and the administrative fee, a total of $405, or

---

[43] *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025).
[44] 28 U.S.C. § 1915(b)(1)&(2).

(2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[45] Failure to comply may result in dismissal of this action.

8. Self-represented litigants must review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[46] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[47] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

---

[45] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[46] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[47] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

10.     All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, **litigants should not send the Court important original documents or documents that cannot be replaced.**[48] Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page.[49] In the event of special circumstances or serious financial need, a litigant may ask for the copying costs to be waived or reduced, but must do so **prior to** accruing charges.[50]

11.     With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 1st day of May, 2026 at Anchorage, Alaska.

_____
MATTHEW M. SCOBLE
U.S. MAGISTRATE JUDGE

---

[48] If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

[49] Alaska Local Civil Rule 79.2(b). *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 4(a).

[50] *See* PACER, Options to Access Records if You Cannot Afford PACER Fees, https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees (last accessed Jan. 5, 2026).