ELISHA MARTIN,

                    Plaintiff,

        v.

THEODORE BROOK,

                    Defendant.

Case No. 3:25-cv-00350-SLG-MMS

## **ORDER OF DISMISSAL & NOTICE OF STRIKE**

On December 8, 2025, self-represented litigant Elisha Martin ("Plaintiff") filed this case.[1] This case was referred to the Honorable Magistrate Judge Matthew M. Scoble.[2] On May 1, 2026, Judge Scoble issued a Screening Order that dismissed Plaintiff's Complaint for failure to state a claim, but accorded Plaintiff 60 days to file a First Amended Complaint or Notice of Voluntary Dismissal.[3] The Court warned Plaintiff that failure to file either document with the Court within 60 days of the Court's Screening Order would result in dismissal of this case as a "strike" without further notice to Plaintiff.[4]

On July 22, 2026, well after Plaintiff missed her deadline, Judge Scoble issued his Report and Recommendation, in which he recommended that this case

---

[1] Docket 1.

[2] *See* Local Magistrate Rule 5(7), Docket 12.

[3] Docket 7.

[4] Docket 7 at 10.

be dismissed without prejudice, that the dismissal count as a strike under 28 U.S.C. § 1915(g), that all pending motions be denied as moot, and the Clerk of Court be directed to issue a final judgment and close the case.[5] No objections to the Report and Recommendation were filed.[6]

On August 3, 2026, the Report and Recommendation was returned to the Court as undeliverable to Plaintiff at the address on record.[7] The Standing Order and the Screening Order—neither of which were returned to the Court as undeliverable—informed Plaintiff that failure to keep a current address on file with the Court would result in dismissal of this case without further notice to Plaintiff.[8] Although the undeliverable mail was just recently returned to the Court, Plaintiff has not updated her address or otherwise contacted the Court since she filed this case.

This case is now before the Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[9] A court is to "make a de novo determination of those portions of the magistrate judge's report

---

[5] Docket 15.

[6] Local Magistrate Rule 6(a). *See also* Docket 15 at 3–4.

[7] Docket 5 at 4; Docket 7 at 11.

[8] Docket 3 at 4. *See also* Alaska Local Civil Rule 11.1(b)(3) (authorizing dismissal of a case when Court orders or other mail sent to a self-represented plaintiff at the address of record are returned to the Court as undeliverable); Alaska Local Civil Rule 11.1(b)(2) ("Self-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

[9] 28 U.S.C. § 636(b)(1).

Case No. 3:25-cv-00350-SLG-MMS, *Martin v. Brook*
Order of Dismissal & Notice of Strike
Page 2 of 4

or specified proposed findings or recommendations to which objection is made."[10] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."[11]

The Court has reviewed the Report and Recommendation and agrees with its analysis. Accordingly, the Court adopts the Report and Recommendation in its entirety. For the reasons explained in the Report and Recommendation—and because Plaintiff failed to update her contact information—comply with a local rule,[12] failed to comply with an order of the Court,[13] and failed to prosecute,[14] this case must be dismissed. Because Plaintiff was a prisoner at the time this case was filed, this dismissal will count as a "strike" under § 1915(g).[15]

---

[10] *Id.*

[11] *Thomas v. Arn,* 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003).

[12] *See* Alaska Local Civil Rule 11.1(b)(3) (authorizing dismissal of a case when Court orders or other mail sent to a self-represented plaintiff at the address of record are returned to the Court as undeliverable). *See also* Alaska Local Civil Rule 11.1(b)(2) ("Self-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

[13] Federal Rule of Civil Procedure 41(b). *See also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

[14] *See Pagtalunan v. Galaza,* 291 F.3d 639, 642–43 (9th Cir.2002) (discussing the factors that courts must consider in determining whether to dismiss for failure to prosecute or failure to comply with a court order).

[15] *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that when a district court dismisses a complaint on the ground that it fails to state a claim but grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)).

Case No. 3:25-cv-00350-SLG-MMS, *Martin v. Brook*
Order of Dismissal & Notice of Strike
Page 3 of 4
Case 3:25-cv-00350-SLG-MMS    Document 10    Filed 08/06/26    Page 3 of 4

IT IS THEREFORE ORDERED:

1.      This case is **DISMISSED without prejudice**.

2.      This dismissal counts as a **"strike"** under 28 U.S.C. § 1915(g), which

may limit Plaintiff's ability to bring future civil rights cases in federal court.

3.      All pending motions are **DENIED as moot**.

4.      The Clerk shall issue a final judgment and close this case.

DATED this 6th day of August, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00350-SLG-MMS, *Martin v. Brook*
Order of Dismissal & Notice of Strike
Page 4 of 4
Case 3:25-cv-00350-SLG-MMS      Document 10      Filed 08/06/26      Page 4 of 4